ACKERMAN v. BERRIMAN et al.

(Supreme Court, Appellate Term. January 8, 1909.)

EVIDENCE (§ 215*)—ADMISSIONS AGAINST INTEREST.

　　On the issue of the agreed salary of an employé, an application for an employé's bond written by the employer's authorized agent, reciting the amount of the salary of the employé, is admissible as an admission by the employer against interest, though no bond was issued thereon.

　　[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 754; Dec. Dig. § 215.*]

Appeal from Municipal Court, Borough of The Bronx, Second District.

Action by Adolph L. Ackerman against Matthew W. Berriman and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Thomas & Oppenheimer (Leo Oppenheimer, of counsel), for appellants.

J. Baldwin Hand, for respondent.

BISCHOFF, J. The issue was the amount of the plaintiff's agreed salary or compensation, and the only question presented by the defendants upon this appeal relates to the admission in evidence of an application for an employé's bond which contained statements, written by the defendants' agent whose authority is conceded, to the effect that this employé's salary was $15 per week. Clearly this evidence was competent as an admission, and its character as evidence was not affected in the least by the fact that no bond was issued upon the application. The defendants stated a fact to some third person, in writing, and that fact was in character against their interest and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

directly relevant to the issue before the court. The admission thus proven was, of course, not conclusive, and was to be weighed with the evidence given in explanation of the circumstances under which it was made, but the exclusion of the paper when offered in behalf of the plaintiff would have been undoubted error.

Judgment affirmed, with costs. All concur.